**KRUMM, Executor, Plaintiff v CUNEO et, Defendants.**

Probate Court, Franklin County.

No. 91193.

592

Charles W. Leslie, Columbus; Charles S. Schwenker, Columbus, for plaintiffs.

Phil S. Bradford, Columbus, and Frank B. McClelland, Columbus, for defendants.

## OPINION

By McCLELLAND, J.

This matter comes before the court upon the petition filed herein by Charles S. M. Krumm, as executor of the Will of Caroline Peirano, deceased. seeking a construction of the will of John Peirano, husband of the decedent, and also a declaratory judgment as to the ownership of certain choses in action in the possession of Caroline Peirano at the time of her decease. John Peirano predeceased his wife, Caroline Peirano. John Peirano left a will which was admitted to probate by the Probate Court of Franklin County, Ohio, and which contained the following language:

"Item 1. I direct that all of my just debts and funeral expenses be paid out of my estate as soon as practicable after the time of my decease.

Item 2. I give and devise to my wife, Caroline Peirano, for and during her natural life, all of my real estate wheresoever situate. After her death I give and devise to my nephews the following real estate; To Frank L. Peirano, the property known as 424-426 East Long Street; to Albert Peirano, the property known as the Northeast corner of Ninth and Long Streets and also the property known as the Southeast corner of Summit Street and Seventh Avenue; to Stephen Peirano, the property known as the Southeast corner of Main and Seymour Streets; to my nieces, Mrs. Clara Meier and Mrs. Bertha Betz, the property known as Nos. 79, 81 and 83 Cleveland Avenue, absolutely and in fee simple.

Item 3. I give and bequeath to my wife, Caroline Peirano, all my personal property of every kind and description wheresoever situate, but in case she should die and leave any part of the personal property unconsumed. or undisposed of, then and in that event, the part so remaining shall be divided equally between my

nephews, Frank, Albert and Stephen Peirano, and nieces, Mrs. Bertha Betz and Mrs. Clara Meier, share and share alike."

Caroline Peirano, the widow of John Peirano, died on November 8, 1940, leaving a will which was admitted to probate by the Probate Court of Franklin County, Ohio. Her will contains the following language, after providing for a number of specific gifts:

"Item 12. Subject only to the foregoing Items of this my Last Will and Testament, all of the rest, residue and remainder of all my estate and property, be the same real, personal or mixed, and of whatsoever kind or nature, and wheresoever the same may be at my decease, I do give, devise and bequeath in equal shares to my brother, P. A. Cuneo, now residing temporarily in Italy, and my nephew, Edward A. Cuneo, 1417 Sixth Street, Fairlawn, New Jersey, and my nephew, Alexander Cuneo, 1003 North Kenmore Avenue, Hollywood, California, both sons of my brother, P. A. Cuneo, share and share alike. To have and to hold the same unto them and unto their respective heirs and assigns forever."

The particular matter which precipitated this action is the ownership of certain participating share certificates issued by The Guarantee Title & Trust Company of a value of approximately $29,000.00 which were in the possession of Caroline Peirano at the time of her death. It is the contention of the legatees under the will of Caroline Peirano that said property above mentioned was her absolute property and passed under her will. It is the contention of the other parties that the property in question was the property, or the proceeds of property, which belonged to John Peirano, and that the devolution of same is governed by his will. For the purpose of this discussion, we will assume that John Peirano was the owner of said property and that the same passed under his will. We are not at this time in our opinion, determining the ownership of said property, but we are only assuming that John Peirano was the owner of same for the purpose of determining the devolution of property if it did pass under the provisions of his will.

One of the cardinal principles in the construction of wills is to read the entire will and, if possible, to ascertain the intention of the testator by reading all of the provisions of the will in the light of each other. In so doing we discover a very important element in the will of John Peirano. It will be noted that by the terms of Item 2 of John Peirano's will he uses the following language:

"I give and devise to my wife, Caroline Peirano, **for and during the term of her natural life,** all of my real estate, wheresoever situate."

Item 3 contains the following language:

"I give and bequeath to my wife, Caroline Peirano, all my personal property of every kind and description wheresoever situate."

It is to be noted that the testator explicitly creates a life estate in exact words by the terms of the second item of his will. When he disposes of his personal property by the third item of his will he does not use any words which expressly provide for or create a life estate. It is therefore only reasonable to presume that the testator knew the difference between a life estate and a fee.

We therefore must go to Item 3 then and ascertain what the testator meant by using the language which he did use. After using words which, of themselves, would create a fee simple estate he then uses the following language:

"But in case she should die and leave any part of the personal property unconsumed, or undisposed of, then in that event, the part so remaining shall be divided equally between my nephews, Frank, Albert, and Stephen Peirano, and nieces, Mrs. Bertha Betz and Mrs. Clara Meier, share and share alike."

There is no doubt in the mind of this court but that the first part of Item 3 standing alone creates an absolute estate in fee simple. The question therefore arises as to whether or not subsequent words might cut down the estate into a life estate, constitute an effective provision of a will.

It is to be noted that there is no power of consumption or disposition expressly given. He only provides that if anything remains unconsumed or undisposed of it shall go to the persons therein named. If there is a power of disposition, it is an implied power of disposition exerciseable at the option of the beneficiary, and therefore creates only a contingent remainder if any remainder at all is created. It is our opinion that we need to seek no further than the decisions of the courts of Ohio in answering the questions created by the will now before us. We first refer to the case of **Elizabeth Steuer v Joseph Steuer et,** reported in the **8th Ohio Circuit Court Reports, New Series, at page 71.** This case was decided by the Circuit Court of Cuyahoga County in 1905. In the will there under consideration the following language was used by the testator:

"I give, devise and bequeath to my beloved wife, Anna Marie Steuer, my real estate and personal property of every description.

I appoint my said wife, Anna Marie Steuer, executrix of this my last will and testament.

It is my will that whatever is left of my estate after my wife's decease, shall be equally divided amongst all my children."

The court says that wills of this character may contain any of the four sorts of provisions, to-wit: Then after setting forth the three classes of wills, it uses the following language:

"4. Devise to A generally with no power of disposal expressed, or with an absolute power, but followed by a devise to B of what shall remain undisposed of at A's death. A takes an estate in fee simple and the attempted limitation cver is impossible and void. **Widows' Home v Lippardt, 70 Oh St, 261,** affords illustration of a will of this sort. Though the decision there turns finally on the construction of the power rather than of the estate devised, yet the authorities cited approvingly in the court's opinion clearly establish the rule as thus formulated.

Jacob Steuer's will is one of the fourth sort and we hold that the interest acquired thereunder by his widow was an estate in fee simple; that the attempted limitation over is void for repugnacy; that their son, Thomas, took nothing under his father's will and that he consequently transmitted to his widow no interest in the estate left by his father."

Another interesting case it that of **Hull v Chisholm, 7 Oh Ap, 346.** This is a decision by Hon. Charles Chittenden, at that time Judge of the Court of Appeals. In the will under consideration by that court the following language is found:

"Item 2. I will and bequeath to Alice V. Hutchinson of the city of Mt. Vernon all the property of which I may die seized or possessed, both real and personal, to her and her heirs and assigns forever, subject to payment of the debts, expenses and cost of monument mentioned in Item 1 above.

Item 3. I will and direct that in case of the death of the said Alice V. Hutchinson without leaving any child or children that whatever may remain of the property willed to her in the 2nd item of this will shall be equally divided between my nephews, George B. Stahl of Mt. Vernon, Ohio, and Oscar S. Blaney of Marshalltown, Iowa, and in case of the death of the said Oscar S. before the said Alice V. Hutchinson then the share of said Oscar S. in said residue shall go to the said George B. Stahl."

The court in its decision uses the following language:

"The case has been skillfully argued both orally and by brief. The questions involved are so manifestly controlled by judicial decisions in this state that we think it unnecessary in an opinion in this case to discuss the cases and the opinions cited.

We hold that Alice V. Hutchinson took a title in fee simple and that the defendants hold the property by a valid title, upon author-

ity of **The Widows' Home v Lippardt, 70 Oh St, 261; Tracy et v Blee et, 22 C. C. N. S., 33,** and **Steuer v Steuer et, 8 C. C. N. S., 71."**

The court also calls attention to the statement of the law as found in 40 Cyc., 1587.

Another decision sustaining this same proposition is contained in the opinion of the Court of Appeals in the case of **Trumbull v Stentz et, 30 Oh Ap, 34.** The decision was written by Judge Williams. The syllabi of said case are as follows:

"1. Where will bequeaths or devises property to person absolutely and in fee simple and then by subsequent provision attempts to ingraft remainder upon the fee, so-called remainder is void, and first taker will take property in fee simple.

2. Words of inheritance are not necessary to passing of estate in fee simple by will.

3. Under will devising to wife all property belonging to testator and reciting testator's request that property left at decease of wife shall be equally divided between others, wife took estate absolute and in fee simple, and provision for subsequent division of property was ineffectual."

It is the opinion of this court that the three cases hereinbefore referred to are absolutely in point with the case at bar.

Our attention has also been called to another most interesting case, **The Widows' Home v Lippardt, 70 Oh St, 261.** In this case the testator gave to his wife all of his real and personal property in fee simple with power to sell or dispose of the same as she may see fit and that after the death of his wife if anything remained of his personal estate it should be distributed as the will provided. It is to be noted that this will contained an absolute power of disposition. The case hinged upon whether or not the widow had a right to convey the property; and Judge Summers in his opinion discusses wills of this character as well as wills which contain no power of disposition. On page 282 the court uses the following language:

"The rule is, that when an estate is devised with an absolute power of disposal, a devise over of what may remain is void, but that where a life estate only is given in express words to the first taker, with an express power in a certain event, or for a certain purpose, to dispose of the property, the life estate is not, by such a power, enlarged to a fee or absolute right, and the devise over is good."

It is to be noted that the above language is not particularly applicable to the case at bar but the court goes on to discuss the case of Jackson v Robins therein mentioned and quotes that court's quotation from Chancellor Kent, as follows:

"We may lay it down as an incontrovertible rule, that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee; and the only exception to the rule is, where the testator gives to the first taker an estate for life only, by certain and express words, and annexes to it a power of disposal. In that particular and special case, the devisee for life will not take an estate in fee notwithstanding the distinct and naked gift of a power of disposition of the reversion. This distinction is carefully marked and settled in the cases.

On page 284 the court quotes as follows:

"A power of disposal is annexed by A to his bequest to B. The effect of this depends upon whether it is a qualified or an unqualified power. If it is an absolute and unqualified power, it really neither takes from, nor adds to, the amount of the estate previously given, though there be a gift over. It would be merely equivalent to adding words of inheritance, making the gift to B and his heirs and assigns. But those were implied before. The law presumes in such case, that a testator superadds the unlimted power of disposal, to make his intention as emphatic and unequivocal as possible. The gift over in such case, is regarded as repugnant to and controlled by prior provisions. There is nothing to go over. A man cannot give the same thing twice. Having given it once, it is not his to give again. Such a devise comes within the principle of the class of cases where a testator gives an estate of inheritance, and then undertakes to provide that the devisee shall not alien the property; or that it shall not be taken for his debts; or that he shall not dispose of it in some particular way indicated; provisions which are powerless to control the prior gift."

Counsel for the alleged remaindermen under the will of John Peirano seek to rely upon the case of **Johnson v Johnson, 51 Oh St, 446**, but it is our opinion that that case is not in point. The Supreme Court in the case of **Home v Lippardt, 70 Oh St, at page 296**, uses the following language:

"There seems to be some misapprehension of **Johnson v Johnson, 51 Oh St, 446**. That case does not decide though there may be expressions in the opinion susceptible of that interpretation, that a devise over of what, or if anything, remains, of itself limits an absolute or unqualified power of sale, but in the opinion it is said: 'The plain intention of the testator as shown by the whole will, is, that the property is given to the widow to be by her used and consumed, and that while so using and consuming the same she is empowered to bargain, sell, convey, exchange, or dispose of the same as she may think proper, limited, however, in the exercise of such power,

to the purpose for which the property is given to her, that is for her consumption.' And having found such to be the intention of the testator, effect is given to his intention by holding that the power of disposal is limited to such disposal as she might think proper for consumption in her life support. Under the power so limited she could not dispose of the fee of the property by gift during her life, nor by will at her death. And accordingly it was held that the petition, averring that the widow had consumed less than the income and that the whole of the estate had been obtained from her by the defendant by fraud and undue influence, stated a good cause of action."

We have also examined Vol. 3 of the Lifetime Edition of Page on Wills and at Section 1111 we find an excellent statement of the general principles governing testamentary provisions of the character under investigation. The editor uses the following language:

"If the estate which is given to the first taker is a fee, an attempt to give any part of the property of which the first devisee has. not disposed, does not cut the fee down to a life estate."

The author then cites a great many cases of the courts of last. resort of many of the states of the Union.

"In some cases the courts have attempted to justify the result in the particular case by holding that the attempted gift over of the undisposed part of the property is precatory and not mandatory. Even if this explanation is not used or cannot be used, it is generally held that a remainder over after a gift of realty in fee or after an absolute gift of personalty is void at common law, since the fee simple or the absolute gift amounts to the entire interest in the property with no remainder or reversion over.

If the estate which is given to the first taker is a life estate, a gift over of what the devisee has not made some disposition implies a power to dispose of such property. In some state such a power enlarges a life estate and makes it into a fee. In other states, such a provision gives to the life tenant a power to dispose of the principal, and to make such use of it as it set forth in the will, usually to make use of it for the support of the life tenant; but it does not enlarge the life estate into a fee."

The editor has cited a great many decisions of courts of last resort of other states of the Union. We have quoted from this authority in order to show clearly the distinction between cases where an absolute estate has been given with an attempted limitation over and cases in which a life estate has been given with a power of disposition. It is therefore our opinion. based upon the authorities hereinbefore mentioned that Caroline Peirano took an estate in

fee simple in all of the personal property possessed by John Peirano at the time of his death.

If John Peirano possessed the property in question at the time of his death, it therefore passed to Caroline Peirano and passed under the provisions of her will. If John Peirano did not own the property at the time of his death, and if it belonged to Caroline Peirano at the time of her death through some title than by will of her husband, it passes by her will. Since we have so held it therefore becomes an academic matter to discuss whether or not the property was owned by John Peirano at the time of his death. It is therefore our finding that the property in question belongs to the estate of Caroline Peirano and passes under the terms of her will.

An order may be drawn accordingly.